IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELETHA A. KEOUGH,

        Plaintiff,

v.                                                     08-1320-JTM

MICHAEL J. ASTRUE
Commissioner of Social Security
Administration,

        Defendant.


MEMORANDUM AND ORDER

Presently before this court is plaintiff Eletha Keough's (Keough's) petition for review of

a final decision of the Commissioner of Social Security (Dkt. No. 7). For the following reasons,

this court denies the appeal and affirms the decision of the ALJ.

I.  Background

On August 3, 2005, Keough protectively filed an application for supplemental security

income, alleging disability beginning November 10, 2001. After a hearing, ALJ Milan Dostal

found that Keough was not disabled under section 1614(a)(3)(A) of the Act. On September 19,

2008, the Appeals Council of the Social Security Administration denied Keough's request for

review, rendering the ALJ's decision final. Keough then timely filed a complaint with this court.

Keough claims that the evidence of the record shows that she suffers from impairments of

such severity and duration as to constitute a disability within the meaning of the Social Security

Act, which would entitle her to Social Security disability benefits. Specifically, she contends that

the ALJ (1) failed to properly consider the opinion of Terri Horanic, a physician's assistant (PA);

(2) failed to properly consider her credibility; (3) did not properly consider whether her post traumatic stress syndrome (PTSD) was severe; and (4) did not make a proper residual functional capacity (RFC) finding.

The medical evidence and hearing testimony are fully set forth in the ALJ's decision, which is incorporated herein.  To summarize briefly, Keough claims that she became disabled on November 10, 2001, at age 21, due to mental problems, emphysema, eczema, re-occurring bacterial infections, and a history of drug and alcohol abuse.  Nevertheless, the ALJ found that Keough had not been under a disability within the meaning of the law since August 3, 2005, the date the application was filed.  Further, the ALJ noted that Keough had not engaged in substantial gainful activity since August 3, 2005, but that she had the RFC to perform past relevant work as a desk clerk, night auditor, bar maid, cashier, waitress and office associate receptionist.  The ALJ concluded that Keough does not have an impairment or combination of impairments that meets one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

## II.  Legal Standard

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record  and whether the ALJ applied the correct legal standard.  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion.  *Castellano v. Sec'y*

*of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional

3

capacity (RFC), which is her ability to do physical and mental work activities on a sustained

basis despite limitations from her impairments.  20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four

and five, which require assessing whether the claimant can perform her past relevant work and

whether she can generally perform other work in the national economy.  *Williams*, 844 F.2d at

751.  The claimant bears the burden throughout steps one through four to prove a disability that

prevents performance of past relevant work.  *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir.

2001).  The burden then shifts to the Commissioner at step five to show other jobs in the national

economy that are within the claimant's capacity to perform.  *Haddock v. Apfel*, 196 F.3d 1084,

1088 (10th Cir. 1999).

### III.  Analysis

Keough argues that the ALJ failed to properly consider the opinion of PA Terri Hornaic

regarding Keough's mental limitations.  Keough's assertion, however, is simply not accurate.

Keough acknowledges that  the treating source rule does not apply to PA Hornaic because she is

not an acceptable medical source.  Rather, PA Hornaic is an "other source" which *may* be used to

show the severity of an impairment and how it affects a claimant's ability to work.  *See* 20 C.F.R.

§ 416.913.  Further, the ALJ did not disregard PA Hornaic's opinion, and instead considered

Hornaic's assessment of Keough and properly explained the reasons for giving her opinion

regarding mental limitations "less" weight.  As such, based on a review of the record, there was

substantial evidence upon which the ALJ relied when considering PA Hornaic's opinion.

Keough also claims that the ALJ failed to properly consider her credibility.  Because the

ALJ is "optimally positioned to observe and assess witness credibility," the court may only

overturn an ALJ credibility determination when there is a conspicuous absence of credible evidence to support it. *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996). Further, "[a] claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Rather, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id*. (citations omitted). The ALJ properly analyzed Keough's subjective complaints, and specifically noted inconsistencies and reasoning for discounting some of her complaints. As such, this court does not find error in the ALJ's findings.

Keough argues that the ALJ failed to properly consider her mental impairments at step two. However, the ALJ indicated that he considered Keough's mental impairments. Further the ALJ noted that Keough was diagnosed with post traumatic stress disorder by a social worker, and not by an acceptable medical source. Additionally, the burden is on the claimant to show that her impairments are "severe" as that term is defined under the law in disability determinations. *See Malek v. Astrue*, 2008 WL 162615, at *3 (D. Kan. Jan. 17, 2008). After a careful review of the record, the court finds that there is substantial evidence to support the ALJ's decision that Keough failed in this burden, and thus the ALJ did not err.

Finally, Keough claims that the ALJ failed to properly consider her RFC. "RFC is what an individual can still do despite his or her limitations." SSR 96-8p, 1996 WL374184 at 2. The ALJ must determine whether the RFC is supported by substantial evidence in the record. *Cowan v. Astrue*, 2008 WL 5459599 (10th Cir. 2008); *see* 20 C.F.R. § 404.1546. Further, "although the

record must demonstrate that the ALJ considered all of the evidence, the ALJ is not required to discuss every piece of evidence." *Davis v. Apfel*, 40 F. Supp. 2d 1261, 1267 (D. Kan. 1999). The ALJ gave sufficient reasons for finding that all of Keough's mental impairments were controlled by appropriate medications without adverse side effects. Further, the RFC determination was supported by other objective evidence. As such, the court finds no error in the RFC determination.

In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 24th day of September, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE